**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

---

**In re: CCA Recordings 2255 Litigation**,
        **Petitioners,**

v.                                                   Case No. 19-cv-2491-JAR-JPO

                                                    **(This Document Relates to Case No. 15-cr-20082-JAR-1,** *United States v. Jose Garcia-Velasquez* **and Case No. 18-cv-2457-JAR-JPO,** *Jose Garcia-Velasquez v. United States*)

**United States of America.**
        **Respondent.**

---

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Jose Garcia-Velasquez's Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255 (Doc. No. 69).[1] Petitioner alleges the government violated the Sixth Amendment by intentionally and unjustifiably becoming privy to his attorney-client communications, asks the Court to reject the government's request to dismiss this action on procedural grounds, and to find that he has made a sufficient showing to warrant an evidentiary hearing. As a remedy, he asks the Court to vacate his judgment with prejudice to refiling or alternatively, to reduce his term of imprisonment by approximately 50%, vacate his term of supervised release, and return any forfeited money. The government has responded, opposing the motion on multiple grounds, including Petitioner's failure to comply with Fed. R.

---

[1] Unless otherwise specified, citations prefaced with "Doc." refer to filings and docket entries in the underlying criminal case, 15-cr-20082-JAR-1. Citations prefaced with "*CCA Rec. Lit.* Doc." refer to filings and entries in this consolidated case, No. 19-cv-2491-JAR-JPO.

Civ. P. 33.[2]  For the reasons explained below, the Court grants the government's motion and dismisses Petitioner's § 2255 motion based on this non-compliance.

I.  Background

Petitioner was charged, via criminal complaint, with one count of conspiring to possess with intent to distribute cocaine and one count of using a firearm in relation to drug trafficking.[3] An indictment filed on September 30, 2015 added a forfeiture count.[4]

On August 9, 2016, Judge Carlos Murguia accepted Petitioner's guilty plea to the conspiracy charge pursuant to a plea agreement.[5]  On January 10, 2017, the court sentenced Petitioner to 60 months' imprisonment followed by a four-year term of supervised release.[6]  The court dismissed the other counts upon entering judgment.[7]

Mark Thomason represented Petitioner in the underlying criminal proceedings.  The Court appointed the Federal Public Defender ("FPD") to represent Petitioner in this matter on July 17, 2018.[8]  On August 29, 2018, the FPD filed a motion pursuant to 28 U.S.C. § 2255 on Petitioner's behalf, setting forth a single ground for relief: the government violated the Sixth Amendment by intentionally and unjustifiably becoming privy to intruding into his attorney-client communications.[9]  This claim stemmed from recordings of petitioners' conversations and meetings with counsel while they were detained at Corrections Corporation of America

---

[2] *CCA Rec. Lit.*, Doc. 799.

[3] Doc. 1.

[4] Doc. 25.

[5] Doc. 54 (filed under seal).

[6] Doc. 64.

[7] *Id.*

[8] Standing Order 18-3.

[9] Doc. 69.

("CCA"), which has been renamed CoreCivic. The matter was reassigned to the undersigned for determination of the merits of related petitioners' Sixth Amendment claims and for consolidated discovery.[10] Petitioner's custodial sentence ended on December 12, 2019.[11] Petitioner was deported from the United States after completing his sentence.

**II.     Discussion**

Following the discovery procedure set by the Court in this and the other related habeas cases, the government sought leave to serve interrogatories on petitioners under Rule 33.[12] After hearing consolidated petitioners' objections, the Court largely granted the government's request. Per an agreement reached by the parties, the Court set November 30, 2020, as the deadline for petitioners to respond to the approved interrogatories. The FPD responded to the interrogatories by the deadline, but petitioners themselves did not sign the answers. Instead, petitioners filed a motion for relief from Rule 33(b)'s signature requirement, asserting that it is unduly burdensome for counsel to obtain the signatures of incarcerated petitioners, particularly given the COVID-19 pandemic.[13] The Court found the signature requirement to be mandatory and denied the motion.[14]

On January 26, 2021, the Court ordered Petitioner to submit his Rule 33(b)(5) signature to the government by February 19, 2021.[15] On the due date, the FPD notified the Court that Petitioner would not be able to comply with the deadline, anticipating that this failure would

---

[10] *CCA Rec. Lit.*, Doc. 1. After Judge Murguia resigned from the bench, Petitioner's criminal case was also reassigned to Chief Judge Robinson. Doc. 87.

[11] Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Sept. 8, 2021).

[12] *See CCA Rec. Lit.*, Doc. 727.

[13] *Id.* Doc. 626.

[14] *Id.* Doc. 727.

[15] *Id.* Doc. 746.

result in dismissal.[16] Consequently, the government asked the Court to enforce the Rule 33 requirements and dismiss Petitioner's motion.[17] Petitioner did not respond to the motion.

The Court previously warned Petitioner that failure to comply with Rule 33(b)(5) may result in the dismissal of his § 2255 motion.[18] Petitioner has not provided a signed answer to the government's interrogatories, has not provided any justification for this non-compliance, and has expressly anticipated that this failure would result in dismissal.[19] For the reasons stated in the Court's earlier order, the Court dismisses Petitioner's § 2255 motion for non-compliance with Rule 33(b)(5).[20]

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[21] If the district court denies a habeas petition on procedural grounds without reaching the merits of petitioner's underlying constitutional claim, "the prisoner must show both (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling' *and* (2) 'that jurists of

---

[16] *Id.* Doc. 766.

[17] *Id.* Doc. 799.

[18] *Id.* Doc. 727 at 5.

[19] *Id.* Doc. 766 at 3.

[20] *Id.* at 4–5. *See* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(i)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order."); Fed. R. Civ. P. 37(b)(v) (stating that "fail[ure] to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders," which "may include . . . dismissing the action or proceeding in whole or in part"); *Ellsworth v. Gibson*, 164 F. App'x 782, 784 (10th Cir. 2006) (affirming dismissal of prisoner civil rights lawsuit for failure to answer interrogatories and failure to comply with a court order).

[21] 28 U.S.C. § 2253(c)(2).

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"[22]  For the reasons explained above, Petitioner has not met either showing and the Court therefore denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's motion to dismiss (Doc. 799 in Case No. 19-2491) is **granted**; Petitioner Jose Garcia-Velasquez's § 2255 motion (Doc. 69) is **dismissed**.  Petitioner is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: September 9, 2021

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[22] *United States v. Park*, 727 F. App'x 526, 528 (10th Cir. 2018) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).